STATE of Missouri, Respondent,

v.

**Daniel JACKSON, Appellant.**

No. ED 82241.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 26, 2004.

Michelle Murphy Rivera, Assistant Public Defender, St. Louis, MO, for appellant.

Andrea K. Spillars, Assistant Attorney General, Jefferson City, MO, for respondent.

Before PATRICIA L. COHEN, P.J., KATHIANNE KNAUP CRANE, J., and ROBERT G. DOWD, JR., J.

### *ORDER*

PER CURIAM.

Daniel Jackson ("Defendant") appeals his conviction on two counts of the class A felony of Kidnapping and two counts of the unclassified felony of Armed Criminal Action following a jury trial conducted October 7–11, 2002, in the Circuit Court of the City of St. Louis.

Defendant argues that the trial court abused its discretion in denying Defendant's Motion for Judgment of Acquittal or in the Alternative a New Trial because the State failed to disclose the full extent of its plea bargain with co-defendant and witness Shawn Manning ("Manning"). Defendant specifically contends that he was denied his rights to fully confront witnesses against him, to a fair trial, and to due process of law, as guaranteed by the

Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, 14, and 18(a), of the Missouri Constitution, because at trial the State failed to reveal: (1) the possibility that any of Manning's sentences would make him eligible for probation pursuant to Section 559.115, R.S.Mo (2000),[1] and (2) that the State would not oppose Manning receiving probation pursuant to Section 559.115, R.S.Mo.

We have reviewed the briefs of the parties and the record on appeal[2] and no abuse of discretion appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision.

We affirm pursuant to Rule 30.25(b).

---

1. All citations to the Revised Statutes of Missouri ("R.S.Mo") are to the R.S.Mo (2000) unless otherwise specified.

2. Defendant's Motion to Allow Filing of Supplemental Record on Appeal was taken with the case and is granted.